IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTINE M.,[1]

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:22-cv-00485-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

      Plaintiff Kristine M. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Title II Disability Insurance Benefits and Title XVI Social Security Income under the Social Security Act. All parties have consented to allow a Magistrate Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Born in August 1988, plaintiff alleges disability beginning June 15, 2018, due to herniated disc and lower back issues. Tr. 258, 302. Her applications were denied initially and upon reconsideration. Tr. 168-171, 179-184. On October 9, 2020, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 86-111. On November 17, 2020, the ALJ issued a decision finding plaintiff not disabled. Tr. 70-81. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-7.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 72. At step two, the ALJ determined the following impairments were medically determinable and severe: "degenerative disc disease, hypertension, and obesity." *Id.* At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 74.

Because she did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected their ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b) except:

> "[She] is limited to standing and/or walking for a total of two hours in an eight-hour workday and sitting for a total of six hours in an eight-hour workday, with normal breaks. She is limited to occasional climbing of ramps or stairs, and no climbing of ladders, ropes, or scaffolds. The claimant is limited to occasional stooping, kneeling, crouching, and crawling. The claimant must avoid concentrated exposure to workplace hazards, such as unprotected heights and operational control of moving machinery."

Page 2 – OPINION AND ORDER

Tr. 74-75.

At step four, the ALJ determined plaintiff was capable of performing her past relevant work as an administrative clerk. Tr. 79.

## DISCUSSION

Plaintiff asserts that the ALJ erred in forming the RFC by improperly evaluating the opinion of B. Scot Cook, Psy.D.

Where, as here, the plaintiff's application is filed on or after March 27, 2017, the ALJ is no longer tasked with "weighing" medical opinions, but rather must determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). "To that end, there is no longer any inherent extra weight given to the opinions of treating physicians . . . the ALJ considers the 'supportability' and 'consistency' of the opinions, followed by additional sub-factors, in determining how persuasive the opinions are."[2] *Kevin R. H. v. Saul*, 2021 WL 4330860, *4 (D. Or. Sept. 23, 2021). The ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* At a minimum, "this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion." *Id.*

When determining how persuasive a medical opinion is, supportability and consistency are the most important factors to consider. 20 C.F.R. § 416.920c(b)(2). These two factors each have a different focus. For consistency, the ALJ considers how consistent a medical opinion is with the

---

[2] As the Ninth Circuit recently explained, "[u]nder the revised regulations . . . a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). The new regulations nonetheless "displace our longstanding case law requiring an ALJ to provide" different levels of reasoning (i.e., "clear and convincing" or "specific and legitimate") based on a hierarchy of medical sources. *Id.* at 787.

Page 3 – OPINION AND ORDER

other evidence in the record *Id.* § 416.920c(c)(2). For supportability, the ALJ considers the relevance of the objective medical evidence and supporting explanations presented by the medical source to justify their own opinion. *Id.* § 416.920c(c)(1).

Plaintiff contends the ALJ did not evaluate the supportability factor when considering Dr. Cook's opinion. In the ALJ's decision, there is a partially integrated discussion of consistency and supportability. Tr. 79. The ALJ points to inconsistencies with plaintiff's presentation on examination, and then states there is a lack of support from the remainder of evidence in the record. *Id.* When explaining the inconsistencies and shortcomings, the ALJ does not clearly distinguish between the two factors, but "[e]ven when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). However, in this case, the agency's path cannot be reasonably discerned due to a lack of a fully developed record. The ALJ's determinations are based primarily on the opinions of the state agency psychological consultants ("agency consultants") who reviewed an incomplete record that did not encompass all of plaintiff's mental impairments and limitations.

Dr. Cook examined plaintiff on June 29, 2020, on referral from plaintiff's representative. Tr. 570. Dr. Cook is the lone physician who evaluated plaintiff's mental impairments. Upon this examination, Dr. Cook noted that plaintiff was tearful, despondent, and hopeless, and that she labored on mental status tasks, taking a long time to complete tasks, and occasionally making errors. *Id.* Dr. Cook stated that plaintiff misspelled a word backward, and that she had difficulty recalling the date and some current events. *Id.* Dr. Cook opined that plaintiff would be unable to maintain any employment, and that plaintiff would likely find it extraordinarily challenging to maintain a regular work schedule, work with others, understand and carry out instructions, and make work-related decisions. Tr. 573.

Ben Kessler, Psy.D. and Irmgard Friedburg, Ph.D., both examined plaintiff's records as agency consultants. Tr. 114-125, Tr. 140-153. Dr. Kessler reviewed the records in July 2019, and Dr. Friedburg reviewed the records in January 2020. Tr. 121, Tr. 149. The agency consultants were unable to consider Dr. Cook's opinion given that Dr. Cook did not evaluate plaintiff until June 2020. Tr. 570. Furthermore, there were two additional diagnoses made by Dr. Cook, including PTSD and agoraphobia, which were not reviewed by the agency consultants. Tr. 120, 148, 572.

The ALJ's determinations were based primarily on the opinions of the agency consultants. The ALJ accepted the agency consultants' opinions without soliciting additional statements from them following the receipt of Dr. Cook's medical opinion. This is error given the ALJ's duty to further develop the record. This duty is triggered where "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). Here, the record is inadequate and ambiguous given that two diagnoses were not evaluated by the agency consultants, and Dr. Cook is the only physician who evaluated plaintiff's mental impairments. Therefore, the record as a whole reveals that the consultants' opinions were insufficient in capturing the full extent of plaintiff's mental impairments and limitations.

When evaluating Dr. Cook's opinion, the ALJ found that the opinion was consistent with plaintiff's reported history during the examination, but found the opinion was not entirely consistent with findings on mental status exams, nor supported by the record. Tr. 79. The ALJ points to a psychiatric examination on February 12, 2019, where plaintiff was found to have normal memory, orientation, and normal insight and judgment. Tr. 449. The ALJ also refers to a medical report where it was documented that plaintiff's neurological findings and memory appeared to be

normal Tr. 430. However, this medical report was not reviewed in the proper context given that the report pertains only to plaintiff's suture removal from a finger laceration. Tr. 431. An ALJ may not simply cherry-pick evidence to support the conclusion that a claimant is not disabled; rather, the ALJ must consider the evidence as a whole. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) ("[T]he ALJ selectively relied on some entries in [the claimant's] records . . . and ignored the many others that indicated continued, severe impairment."); *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (noting the cyclical nature of mental health diagnoses and instructing caution in drawing inferences based upon reports of improvements during treatment).

## Remedy

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1176-78 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1090-1100 (9th Cir. 2014). The court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

As discussed herein, the ALJ committed harmful legal error by failing to further develop the record and properly evaluate Dr. Cook's medical opinion. Further proceedings would be useful

regarding the extent of plaintiff's disabling mental impairments, such that crediting Dr. Cook's opinion as true and/or remanding for the immediate payment of benefits (either under a listing or otherwise) is improper at this juncture.

On one hand, it is undisputed that plaintiff has multiple mental impairments. On the other hand, the record is unclear as to the extent of these impairments and their disabling effects. In particular, the record indicates that the most recent psychological evaluation was conducted by Dr. Cook, who only examined plaintiff once via a video conference. Tr. 570-73. The agency alludes to the idea that because plaintiff was referred to Dr. Cook via their counsel, that Dr. Cook's opinion is less persuasive. Def's Response Br. [3-4]. However, "[T]he mere fact that a medical report is provided at the request of claimant's counsel or, more broadly, the purpose for which an opinion is provided, is not a legitimate basis for evaluating the reliability of the report." *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). "[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it." *Id.* Additionally, plaintiff's disability report only lists physical impairments. Tr. 302.

In light of the lack of a fully developed and unambiguous record, the appropriate remedy is to remand to the Commissioner for further proceedings to reconsider plaintiff's impairments given the medical opinion of Dr. Cook and take any further action necessary to complete the administrative record and issue a new decision.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 27th day of January, 2023.

                              /s/ Jolie A. Russo
                                Jolie A. Russo
                    United States Magistrate Judge